**Fill in this information to identify the case**:

United States Bankruptcy Court for the:

**Northern District of Texas**

(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1. Debtor's Name** | Ebix US, LLC | |
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | None | |
| **3. Debtor's federal Employer Identification Number** (EIN) | N/A ___ ___ _ ___ ___ ___ ___ ___ ___ ___ | |
| **4. Debtor's address** | **Principal place of business**<br><br>**1 Ebix Way**<br>Number       Street<br><br>**Johns Creek, GA 30097**<br>City       State   Zip Code<br><br>**Fulton**<br>County | **Mailing address, if different from principal place of business**<br><br>Number       Street<br><br>P.O. Box<br><br>City       State   Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number       Street<br><br>City       State   Zip Code |
| **5. Debtor's website** (URL) | **www.ebix.com** | |
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) | |

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above: |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | 5 1 8 2 |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | ☒ Chapter 11.   *Check all that apply:* |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
| | ☐ Yes.   District _____ When _____ Case number _____ |
| If more than 2 cases, attach a separate list. | District _____ When _____ Case number _____ |
| | MM/DD/YYYY |

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No | | |
|---|---|---|---|
| | ☒ Yes. | Debtor **See Rider 1** | Relationship _____ |
| List all cases. If more than 1, attach a separate list. | | District _____ | When _____ |
| | | Case number, if known _____ | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | | |
|---|---|---|
| _____ | | |
| Number | Street | |
| _____ | | |
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

| **14. Estimated number of creditors (on a consolidated basis)** | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☒ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12/17/2023___
MM/ DD / YYYY

✗ _Amit K. Garg_                                    **Amit K. Garg**
DocuSigned by:
Signature of authorized representative of debtor          Printed name

Title   **Secretary and Authorized Signatory**

**18. Signature of attorney**

✗ _/s/ Thomas R. Califano_                Date   12/17/2023
Signature of attorney for debtor                MM/DD/YYYY

**Thomas R. Califano**
Printed name

**Sidley Austin LLP**
Firm name

**2021 McKinney Avenue, Suite 2000**
Number          Street

**Dallas**                          **TX**      **75201**
City                          State      ZIP Code

**(214) 981-3300**                    **tom.califano@sidley.com**
Contact phone                      Email address

**24122825**            **Texas**
Bar number            State

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| **Northern District of Texas** | |
| (State) | |
| Case number *(if known)*: _____ | Chapter ___11___ |

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Ebix, Inc.

Ebix, Inc.
Vertex, Incorporated
P.B. Systems, Inc.
Ebix Consulting, Inc.
Ebix US, LLC
Facts Services, Inc.
Doctors Exchange, Inc.
Ebix International LLC
Agency Solutions.com, LLC d/b/a/ Health Connect LLC
ConfirmNet Corporation
A.D.A.M., Inc.
Ebix Latin America, LLC

**EBIX, INC.**
**VERTEX, INCORPORATED**
**P.B. SYSTEMS, INC.**
**EBIX CONSULTING, INC.**
**EBIX US, LLC**
**FACTS SERVICES, INC.**
**DOCTORS EXCHANGE, INC.**
**EBIX INTERNATIONAL LLC**
**AGENCY SOLUTIONS.COM, LLC D/B/A/ HEALTH CONNECT LLC**
**CONFIRMNET CORPORATION**
**A.D.A.M., INC.**
**EBIX LATIN AMERICA, LLC**

December 17, 2023

I, Amit Garg, Secretary of each entity set forth on **Schedule I** attached hereto (the "**Companies**"),
do hereby certify the following:

1. I am the duly qualified and appointed Secretary of each of the Companies.

2. Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions
   (the "**Resolutions**") duly adopted by the board of directors, the board of managers,
   the sole member, the manager or the managing member, as applicable (each, a
   "**Governing Body**") of each Company acting pursuant to its respective bylaws or
   limited liability company agreement (as amended, amended and restated, modified,
   supplemented, or replaced from time to time, the "**Governing Documents**").

3. The Resolutions are not inconsistent with the Governing Documents.

4. The Resolutions have not been amended, modified, repealed, or rescinded since
   adopted, and are in full force and effect on and as of the date hereof.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _Amit K. Garg_ _____
Name:   Amit K. Garg
Title:    Secretary

## **EXHIBIT A**

**RESOLUTIONS APPROVED AT A JOINT MEETING OF THE BOARD OF
DIRECTORS, THE BOARD OF MANAGERS, THE SOLE MEMBER, THE MANAGER
OR THE MANAGING MEMBER, AS APPLICABLE, OF
EBIX, INC.
VERTEX, INCORPORATED
P.B. SYSTEMS, INC.
EBIX CONSULTING, INC.
EBIX US, LLC
FACTS SERVICES, INC.
DOCTORS EXCHANGE, INC.
EBIX INTERNATIONAL LLC
AGENCY SOLUTIONS.COM, LLC D/B/A/ HEALTH CONNECT LLC
CONFIRMNET CORPORATION
A.D.A.M., INC.
EBIX LATIN AMERICA, LLC**

December 17, 2023

The following resolutions were approved at a joint meeting (the "**Meeting**") of the board of directors, the board of managers, the sole member, the manager, the managing member, or other similar governing authority, as applicable (each, a "**Governing Body**") of each entity set forth on <u>**Schedule I**</u> attached hereto (each, a "**Company**" and, collectively, the "**Companies**"):

WHEREAS, each Governing Body has considered certain materials presented by, or on behalf of, each Company's management ("**Management**") and financial and legal advisors (collectively, the "**Advisors**"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on each Company's business and the business of each Company's affiliates;

WHEREAS, each Governing Body has reviewed and considered presentations by Management and the Advisors of each Company regarding the advantages and disadvantages of filing a voluntary petition for relief (the "**Bankruptcy Petition**") for each Company pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "**Bankruptcy Code**");

WHEREAS, each Governing Body has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to each Company; and

WHEREAS, each Governing Body has determined, in the judgment of each Governing Body, that the following resolutions are advisable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

<u>Voluntary Petition for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief</u>

NOW, THEREFORE, BE IT RESOLVED, that each Governing Body has considered its fiduciary duties under applicable law in exercising their powers and discharging its duties, to act

honestly and in good faith with a view to the best interests of each Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

RESOLVED FURTHER, that in the judgment of each Governing Body, it is desirable and in the best interests of such Company, its interest holders, its subsidiaries, its creditors, and other parties in interest that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition for the Company under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition;

RESOLVED FURTHER, that any director or duly appointed officer of each Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "**Authorized Persons**") be, and hereby is, authorized to execute and file on behalf of the Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of such Company or any of its subsidiaries;

Retention of Professionals

RESOLVED FURTHER, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of each Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) the firm of AlixPartners, LLP, as financial advisor; (iii) Jefferies LLC, as investment banker; (iv) Omni Agent Solutions, Inc., as claims, noticing, and solicitation agent; and (v) and any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of each Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

RESOLVED FURTHER, that each Company will obtain benefits, as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of each Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), to the extent applicable, which is security

2

for prepetition secured lenders and their respective agents (collectively, the "**Secured Parties**"), if any, and (b) the incurrence of a $105 million senior secured superpriority debtor-in-possession delayed-draw term loan facility under that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement, by and among Ebix, Inc., a Delaware corporation, as the borrower, certain subsidiaries of the borrower from time to time party thereto as guarantors, and the lenders from time to time party thereto, and Regions Bank, as administrative agent, which shall include: (i) a new money delayed draw term loan facility in the aggregate amount of $35 million (the "**New Money DIP Facility**" and the loans advanced under the New Money DIP Facility, the "**New Money DIP Loans**") and (ii) upon entry of a final order by the Bankruptcy Court authorizing the DIP Facility, a roll-up facility in the aggregate amount of $70 million (the "**Roll-Up Facility**," and the loans deemed made under the Roll-Up Facility, the "**Roll-Up Loans**," and the Roll-Up Loans together with the New Money DIP Loans, the "**DIP Facility**");

RESOLVED FURTHER, that in order to use and obtain the benefits of the DIP Facility and any Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will grant and allow perfection of certain liens and other security interests in favor of and for the benefit of the Secured Parties (the "**Adequate Protection Obligations**"), as documented in a proposed interim order (the "**DIP Order**") to be filed with the Bankruptcy Court;

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Facility be, and hereby are, in all respects approved on the terms and conditions substantially similar to those set forth in the form of DIP Documents previously provided and/or described to the Governing Bodies, and each Company is authorized and empowered to (a) enter into the DIP Facility, subject to approval by the Bankruptcy Court, and (b) seek entry of the DIP Order and any other such order authorizing entry into, and consummation of, the DIP Facility and the DIP Documents (as defined below);

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of (a) the DIP Order and the DIP Facility, (b) such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Facility, the "**DIP Documents**"), and (c) any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Authorized Person in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof;

RESOLVED FURTHER, that each Company, as debtor and debtor in possession under the Bankruptcy Code, upon filing of the Bankruptcy Petitions, be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "**DIP Transactions**"), including the guaranty of the obligations thereunder and the granting of liens on

substantially all of its assets to secure such obligations;

RESOLVED FURTHER, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the agents under the DIP Facility (the "**DIP Agents**") to file any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of each Company that the DIP Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agents may reasonably request to perfect the security interests of the DIP Agents under the DIP Order;

RESOLVED FURTHER, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

Marketing Process and Sale

RESOLVED FURTHER, that each Company, with the assistance of its Advisors, is authorized to conduct a fulsome marketing and sale process, including contacting, discussing, negotiating, and soliciting offers from potential bidders, including conducting any auction in connection therewith, in order to receive the highest or otherwise best offer for the sale of the North American life and annuity assets and other assets of the Companies (collectively, the "**Sale Process**");

RESOLVED FURTHER, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest that each Company be, and hereby is, authorized to negotiate, execute, and enter into, all required documentation to consummate any sale transaction for the highest and best offer for the sale of any assets of each Company (the "**Sale Transaction(s)**") (including any asset purchase agreements or any other agreements or documents evidencing any such sale (collectively, the "**Purchase Agreement(s)**")), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

RESOLVED FURTHER, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to seek entry of an order or orders authorizing

4

entry into any Purchase Agreement(s) and consummation of the Sale Transaction(s) contemplated thereby, all substantially in accordance with documents that have been presented or will be presented to the Governing Bodies and/or filed with the Bankruptcy Court, subject to such modifications thereto as the Governing Bodies or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

RESOLVED FURTHER, that each of the Authorized Persons be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance each Company's rights and obligations under any Purchase Agreement and/or the Sale Process, including filing of additional pleadings with the Bankruptcy Court; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions;

RESOLVED FURTHER, each Governing Body hereby authorizes, adopts, approves, ratifies and confirms the Sale Transaction(s) and each Company's entry into the Purchase Agreement(s), and each of the documents and agreements contemplated under any Purchase Agreement (the "**Transaction Documents**") to which the Company is a party, and the performance of the Company's obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the Sale Transaction(s) contemplated thereby;

RESOLVED FURTHER, that each Authorized Person hereby is authorized and empowered to execute and deliver any Purchase Agreement(s), any Transaction Documents and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which each Company is to be a party or as are necessary or appropriate to consummate the Sale Transaction(s) contemplated by any Purchase Agreement(s) and the Transaction Documents, in the name and on behalf of each Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Person executing the same shall approve (the execution and delivery thereof by the Authorized Person to be conclusive evidence of such Authorized Person's approval of any such additions, deletions or changes);

RESOLVED FURTHER, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to

any Purchase Agreement(s) and the Transaction Documents;

Further Actions and Prior Actions

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of each Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Company relating to the matters authorized herein;

RESOLVED FURTHER, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

RESOLVED FURTHER, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as each Company itself may lawfully do, in accordance with its Governing Documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

RESOLVED FURTHER, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such

6

act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body.

## SCHEDULE I

Ebix, Inc.
Vertex, Incorporated
P.B. Systems, Inc.
Ebix Consulting, Inc.
Ebix US, LLC
Facts Services, Inc.
Doctors Exchange, Inc.
Ebix International LLC
Agency Solutions.com, LLC d/b/a/ Health Connect LLC
ConfirmNet Corporation
A.D.A.M., Inc.
Ebix Latin America, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **EBIX US, LLC**,[1] | ) | Case No. 23-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Ebix, Inc. | 1 Ebix Way, Johns Creek, Georgia | 100% |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ebix, Inc. (1975), Vertex, Incorporated (6295), P.B. Systems, Inc. (9074), Ebix Consulting, Inc. (6666), Ebix US, LLC (N/A), Facts Services, Inc. (1348), Doctors Exchange, Inc. (N/A), Ebix International LLC (N/A), Agency Solutions.com, LLC d/b/a Health Connect LLC (N/A), ConfirmNet Corporation (2737), A.D.A.M., Inc. (8070), and Ebix Latin America, LLC (N/A).  The Debtors' mailing address is 1 Ebix Way, Johns Creek, Georgia 30097.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

_____
|                                          )
In re:                                     )    Chapter 11
                                           )
**EBIX US, LLC,**[1]                       )    Case No. 23-_____(___)
                                           )
                                           )
                     Debtor.               )
_____   )

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Ebix, Inc. | 100% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ebix, Inc. (1975), Vertex, Incorporated (6295), P.B. Systems, Inc. (9074), Ebix Consulting, Inc. (6666), Ebix US, LLC (N/A), Facts Services, Inc. (1348), Doctors Exchange, Inc. (N/A), Ebix International LLC (N/A), Agency Solutions.com, LLC d/b/a Health Connect LLC (N/A), ConfirmNet Corporation (2737), A.D.A.M., Inc. (8070), and Ebix Latin America, LLC (N/A).  The Debtors' mailing address is 1 Ebix Way, Johns Creek, Georgia 30097.

Fill in this information to identify the case:

Debtor name      **Ebix US, LLC**

United States Bankruptcy Court for the:    **Northern District of Texas**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured (US$) | Deduction for value of collateral or Setoff (US$) | Unsecured claim (US$) |
| 1 | AMADEUS IT GROUP 171 17TH STREET, NW SUITE 2100 ATLANTA, GA 30363 | C/O DARRYL S. LADDIN, ESQ. ARNALL GOLDEN GREGORY LLP (404) 873-8120 DARRYL.LADDIN@AGG.COM | ARBITRATION AWARD | | | | 6,819,457.35 1 |
| 2 | ACTIAN CORPORATION DEPT 3593 PO BOX 123593 DALLAS, TX 75312-3593 | DEPT 3593 PO BOX 123593 DALLAS, TX 75312-3593 (512) 231-6000 | TRADE DEBTS | | | | 688,812.50 |
| 3 | PEERVOICE UK LTD FINANCE DEPT, 3RD FLOOR 75 DAVIES STREET LONDON, UK W1K 5JN | CHRISTOPHER MEAZELL POTOMAC LAW GROUP, PLLC 1717 PENNSYLVANIA AVENUE, STE. 1250 WASHINGTON, D.C. 200006 (202) 302-6543 CMEAZELL@POTOMACLAW.COM | LITIGATION | DISPUTED | | | 685,470.00 |
| 4 | BRIGHAM AND WOMEN'S HOSPITAL DEPARTMENT OF MEDICINE 1620 TREMONT ST 4TH FLOOR BOSTON, MA 02120 | DEPARTMENT OF MEDICINE 1620 TREMONT ST 4TH FLOOR BOSTON, MA 02120 (617) 732-6393 | TRADE DEBTS | | | | 500,658.00 |
| 5 | ANSWERS IN CME 71 BROADWAY 2B SUITE 185 NEW YORK, NY 10006 | CHRISTOPHER MEAZELL POTOMAC LAW GROUP, PLLC 1717 PENNSYLVANIA AVENUE, STE. 1250 WASHINGTON, D.C. 200006 (202) 302-6543 CMEAZELL@POTOMACLAW.COM | LITIGATION | DISPUTED | | | 476,649.00 |
| 6 | NELSON MULLINS ATLANTIC STATION 201 17TH ST, NW ATLANTA, GA 30363 | ATLANTIC STATION 201 17TH ST, NW ATLANTA, GA 30363 (404) 322-6000 | TRADE DEBTS | | | | 309,547.67 |

---

1  Amadeus has filed a judgement lien.

Debtor    Ebix US, LLC                                             Case number (if known)
_____                          _____
          Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured (US$) | Deduction for value of collateral or Setoff (US$) | Unsecured claim (US$) |
| 7 | AMAZON WEB SERVICES, INC PO BOX 84023 SEATTLE, WA 98124-8423 | PO BOX 84023 SEATTLE, WA 98124-8423 | TRADE DEBTS | | | | 202,278.95 |
| 8 | ZAKIPOINT HEALTH INC. 14TH FLOOR, ONE BROADWAY CAMBRIDGE, MA 02142 | 14TH FLOOR, ONE BROADWAY CAMBRIDGE, MA 02142 (617) 992-4111 RAMESH.KUMAR@ZAKIPOINTHEALTH.COM | TRADE DEBTS | | | | 171,923.70 |
| 9 | FAIR HEALTH, INC PO BOX 3820 NEW YORK, NY 10163 | PO BOX 3820 NEW YORK, NY 10163 (212) 370-0704 | TRADE DEBTS | | | | 154,769.40 |
| 10 | CRAFTSMAN PRINTING, INC. 120 CITATION COURT BIRMINGHAM, AL 35209 | 120 CITATION COURT BIRMINGHAM, AL 35209 (205) 945-4126 | TRADE DEBTS | | | | 140,514.89 |
| 11 | LIFE PRODUCTS SOLUTIONS GROUP 7900 RED ROAD, PH23 MIAMI, FL 33143 | 7900 RED ROAD, PH23 MIAMI, FL 33143 (305) 668-8780 | TRADE DEBTS | | | | 140,292.00 |
| 12 | CHANGE HEALTHCARE PO BOX  572490 MURRAY, UT 84157-2490 | PO BOX  572490 MURRAY, UT 84157-2490 (866) 371-9066 | TRADE DEBTS | | | | 140,046.94 |
| 13 | ERNST & YOUNG US LLP WELLS FARGO BANK, NA P.O. BOX 933514 ATLANTA, GA 31193-3514 | P.O. BOX 933514 ATLANTA, GA 31193-3514 (404) 874-8300 | TRADE DEBTS | | | | 130,905.00 |
| 14 | ASCENSION GROWTH & INNOVATION STRATEGIES LLC C/O CRAIG APATOV MNG PARTNER 2000 RIVEREDGE PKWY STE 945 ATLANTA, GA 30328 | CRAIG APATOV - MNG PARTNER 2000 RIVEREDGE PKWY STE 945 ATLANTA, GA 30328 (404) 250-4547 | TRADE DEBTS | | | | 129,165.00 |
| 15 | UC REGENTS- SAN FRANCISCO ATTN: TYM PETERS OFFICE OF CME BOX 0742 490 ILLINOIS STREET FLOOR 8 SAN FRANCISCO, CA 94143 | TYM PETERS OFFICE OF CME BOX 0742 490 ILLINOIS STREET FLOOR 8 SAN FRANCISCO, CA 94143 (800) 207-1710 | TRADE DEBTS | | | | 118,655.25 |
| 16 | IQVIA INC. PO BOX 8500-784290 PHILADELPHIA, PA 19178-4290 | PO BOX 8500-784290 PHILADELPHIA, PA 19178-4290 (866) 267-4479 | TRADE DEBTS | | | | 105,447.60 |
| 17 | GOOGLE INC. DEPT 33654 - PO BOX 39000 SAN FRANCISCO, CA 94139 | DEPT 33654 - PO BOX 39000 SAN FRANCISCO, CA 94139 (650) 253-0000 | TRADE DEBTS | | | | 101,481.44 |
| 18 | 365 OPERATING COMPANY, LLC BANK OF AMERICA, NA 222 BROADWAY NEW YORK, NY 10038 | 222 BROADWAY NEW YORK, NY 10038 (415) 901-5700 | TRADE DEBTS | | | | 89,696.24 |

| Debtor | Ebix US, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured (US$) | Deduction for value of collateral or Setoff (US$) | Unsecured claim (US$) |
| 19 | FCI CYBER INC. 400 BROADACRES DR STE 270 BLOOMFIELD, NJ 07003 | 400 BROADACRES DR STE 270 BLOOMFIELD, NJ 07003 (973) 227-8878 | TRADE DEBTS | | | | 89,491.95 |
| 20 | LEADER BERKON COLAO & SILVERSTEIN LLP 630 THIRD AVENUE NEW YORK, NY 10017 | 630 THIRD AVENUE NEW YORK, NY 10017 (212) 486-2400 | TRADE DEBTS | | | | 84,840.00 |
| 21 | MCNAIR, MCLEMORE, MIDDLEBROOKS & CO. LLC P.O. BOX ONE MACON, GA 31202 | P.O. BOX ONE MACON, GA 31202 (478) 746-6277 WINTERS@MMMCPA.COM | TRADE DEBTS | | | | 81,919.69 |
| 22 | KATON PARTNERS LLC 2 LANDMARK SQUARE STE 214 STAMFORD, CT 06901 | 2 LANDMARK SQUARE STE 214 STAMFORD, CT 06901 (914) 921-8800 | TRADE DEBTS | | | | 73,020.32 |
| 23 | CYXTERA COMMUNICATIONS, LLC 13322 COLLECTION CENTER DR CHICAGO, IL 60693-0133 | 13322 COLLECTION CENTER DR CHICAGO, IL 60693-0133 (305) 537-9500 | TRADE DEBTS | | | | 71,944.72 |
| 24 | ST. MORITZ SECURITY SERVICES 4600 CLAIRTON BLVD. PITTSBURGH, PA 15236-2114 | MATTHEW A. FICUS/ MARLENA N. CARLINI FICUS & BALL 1605 CARMODY COURT; SUITE 102 SEWICKLEY, PA 15143 (412) 456-9700 MFICUS@FICUSBALL.COM MCARLINI@FICUSBALL.COM | LITIGATION | DISPUTED | | | 68,425.56 |
| 25 | SPARK IPS PO BOX 371 COVENTRY, CT 06238 | PO BOX 371 COVENTRY, CT 06238 (860) 508-2269 SUZANNEBRAZEAL@SPARKIPS.COM | TRADE DEBTS | | | | 67,978.75 |
| 26 | VERACODE INC. 65 BLUE SKY DRIVE BURLINGTON, MA 01803 | 65 BLUE SKY DRIVE BURLINGTON, MA 01803 (339) 674-2500 | TRADE DEBTS | | | | 61,114.15 |
| 27 | S&P GLOBAL MARKET INTELLIGENCE 33356 COLLECTION CENTER DR CHICAGO, IL 60693-0333 | 33356 COLLECTION CENTER DR CHICAGO, IL 60693-0333 +1 (888) 275-2822 | TRADE DEBTS | | | | 57,069.00 |
| 28 | CALVO, JAVIER IN RE EBIX, INC. SHAREHOLDER DERIVATIVE LITIGATION CALVO V. RAINA, ET. AL. | BENJAMIN ISAAC SACHS-MICHAELS GLANCY PRONGAY & MURRAY LLP 745 FIFTH AVENUE 5TH FLOOR NEW YORK, NY 10151 (212) 935-7400 BSACHSMICHAELS@GLANCYLAW.COM | CLASS ACTION LAWSUIT | CONTINGENT, UNLIQUIDATED, AND DISPUTED | | | |
| 29 | VOTTO, PETER IN RE EBIX, INC. SHAREHOLDER DERIVATIVE LITIGATION VOTTO V. RAINA, ET. AL. | JUSTIN AARON KUEHN MOORE KUEHN, PLLC 30 WALL STREET, 8TH FLOOR NEW YORK, NY N/A (212) 709-8245 JKUEHN@MOOREKUEHN.COM | CLASS ACTION LAWSUIT | CONTINGENT, UNLIQUIDATED, AND DISPUTED | | | |

Debtor  Ebix US, LLC
        Name

Case number (if known) _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured (US$) | Deduction for value of collateral or Setoff (US$) | Unsecured claim (US$) |
| 30 | BLACK DRAGON CAPITAL, LLC<br>6400 W. BOYNTON BEACH BLVD,<br>SUITE 740486<br>BOYNTON BEACH FL 33474 | AKERMAN LLP<br>SCOTT M. KESSLER, ESQ.<br>MEGAN M. ADMIRE, ESQ.<br>520 MADISON AVENUE<br>20TH FLOOR<br>NEW YORK, NY 10022<br>TEL: (212) 880-3800 | LITIGATION | CONTINGENT, UNLIQUIDATED, AND DISPUTED | | | |

Fill in this information to identify the case and this filing:

Debtor Name      **EBIX US, LLC**

United States Bankruptcy Court for the:      **Northern District of Texas**

(State)

Case number (If known):

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      12/17/2023                    DocuSigned by:

                    MM/ DD/YYYY          *Amit k. Garg*

                              Signature of individual signing on behalf of debtor

                              **Amit K. Garg**

                              Printed name

                              **Secretary and Authorized Signatory**

                              Position or relationship to debtor

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**